NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

SEP 26 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DANIEL VITOR MORILHA,

        Plaintiff - Appellant,

  v.

SANTA CLARA COUNTY SUPERIOR
COURT,

        Defendant - Appellee.

No. 23-3173

D.C. No. 4:22-cv-03565-JST

MEMORANDUM*

Appeal from the United States District Court
for the Northern District of California
Jon S. Tigar, District Judge, Presiding

Submitted September 17, 2025**

Before:    SILVERMAN, OWENS, and BRESS, Circuit Judges.

    Daniel Vitor Morilha appeals pro se from the district court's judgment

dismissing his action alleging federal and state law claims arising from state court

proceedings.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo.

---

    *       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    **      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Platt v. Moore*, 15 F.4th 895, 901 (9th Cir. 2021) (interpretation of state law); *Noel v. Hall*, 341 F.3d 1148, 1154 (9th Cir. 2003) (dismissal under the *Rooker-Feldman* doctrine). We affirm.

The district court properly dismissed Morilha's action because it was barred by the *Rooker-Feldman* doctrine, or Morilha otherwise failed to allege timely compliance with the California Tort Claims Act. *See Noel*, 341 F.3d at 1163-65 (discussing proper application of the *Rooker-Feldman* doctrine; explaining that "[i]f a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision, *Rooker-Feldman* bars subject matter jurisdiction in federal court"); *Mangold v. Cal. Pub. Utils. Comm'n*, 67 F.3d 1470, 1477 (9th Cir. 1995) ("The California Tort Claims Act requires, as a condition precedent to suit against a public entity, the timely presentation of a written claim . . . .").

The district court did not abuse its discretion by dismissing the first amended complaint without leave to amend because further amendment would be futile. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review and explaining that dismissal without leave to amend is proper when amendment would be futile).

The district court did not abuse its discretion by denying Morilha's request for discovery. *See Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002) (setting

forth standard of review for a district court's discovery rulings).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

All pending motions are denied.

**AFFIRMED.**

23-3173